UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br>SETH STEED JEFFS,<br><br>Defendant. | 5:16-MJ-00027-DW<br><br>ORDER DENYING DEFENDANT'S MOTION TO STRIKE HEARING AND MOTION FOR LIMITED DISCOVERY |

Defendant Seth Steed Jeffs was arrested on Tuesday, February 23, 2016, on a warrant issued by the United States District Court for the District of Utah arising from an Indictment returned against Mr. Jeffs in the District of Utah, Central Division. The Government filed a motion for detention on the same day as Mr. Jeff's arrest, along with 30 exhibits in support of the motion. (Docket 2). On Wednesday, February 24, 2016, Mr. Jeffs made an initial appearance with his counsel of record, Jeffrey R. Connelly. At the hearing, Mr. Jeffs was informed of his rights in accordance with Federal Rule of Criminal Procedure 5.

After being informed of his right to an identity hearing, Mr. Jeffs waived his right and identified himself as the person charged in the Indictment. Mr. Jeffs wished to have a detention hearing in the District of South Dakota and requested the court continue the detention hearing pursuant to 18 U.S.C. §

3142(f).  A detention hearing was set for Monday, February 29, 2016, at 9:00 a.m., at the request and preference of defense counsel.

On Friday, February 26, 2016, Mr. Jeffs filed the pending motions before the court seeking various forms of relief.  First, Mr. Jeffs moves the court to convert the previously scheduled detention hearing into a hearing to determine whether the Government is entitled to a detention hearing.  Alternatively, Mr. Jeffs moves for a continuance of the detention hearing and for an order of limited discovery.

Pursuant to the Bail Reform Act of 1984 as set forth in 18 U.S.C. §3142(f), this court *shall* hold a detention hearing "[u]pon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves (A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injury or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.  18 U.S.C. §3142(f)(2).  Here, the Government has filed a written motion and specifically raised the motion during Mr. Jeffs' initial appearance.  The motion asserts, in part, the following facts:  Mr. Jeffs is a top leader in the Fundamental Church of Jesus Christ of Ladder Day Saints (FLDS) and has access to "an elaborate system for moving and hiding members of the group in order to avoid law enforcement detection." (Docket 2, at p. 4).  The motion also sets forth that Seth Steed Jeffs plead guilty in 2006 to harboring fugitive Warren Jeffs to prevent Warren's arrest.  (Docket 2, at p. 11).  If

convicted of the charges in the Indictment, Mr. Jeffs faces a maximum penalty of 25 years in prison and a $750,000 fine.

Accordingly, the court finds that this case involves a serious risk that such person will flee or a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror, so as to necessitate a hearing to determine whether any condition or combination of conditions will reasonably ensure the appearance of Mr. Jeffs as required and the safety of any other person and the community. Therefore, the Government is entitled to a detention hearing, unless Mr. Jeffs waives the hearing.

During the initial appearance, Mr. Jeffs requested the detention hearing be held in the District of South Dakota. Pursuant to 18 U.S.C. §3142(f)(2), the court shall hold the hearing immediately upon the person's first appearance unless the defendant or the attorney for the Government seeks a continuance. Mr. Jeffs requested a continuance. The statute is very clear regarding the maximum time allowed for a continuance. It states, "[e]xcept for good cause, a continuance on a motion of such a person may not exceed five days (not including any intermediate Saturday, Sunday, or legal holiday)."

In his motion, Mr. Jeffs requests that the detention hearing be scheduled for a later date based upon the need for more time to review the Government's filings, the need for disclosure of further essential information and the availability and schedules of necessary witnesses.

The court finds that 2 full business days and 2 additional weekend days afforded Mr. Jeffs with adequate time to review the Government's filings, prepare for the hearing, and make arrangements to present any necessary witnesses so as to protect his rights to participate in the detention hearing as outlined in 18 U.S.C. §3142(f)(2).

Additionally, the Defendant requests limited discovery be provided by the Government addressing the defendant's specific role and risk factors. First, the Court notes that the motion requesting discovery violates Local Rule 16.1, which requires a separate certification describing the good faith efforts of the parties to resolve the dispute. Second, the Indictment and the Government's Motion for Detention and corresponding exhibits provide sufficiently detailed information to allow Mr. Jeffs to adequately prepare for the detention hearing.

Accordingly, the Defendant's Motion to Strike Hearing as Currently Scheduled and the Defendant's Motion for Limited Discovery is hereby denied.

DATED this 28th day of February, 2016.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge